UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO RAMALES,<br><br>                              Plaintiff,<br><br>- against -<br><br>JHUD PRODUCTIONS, INC. and JENNIFER HUDSON<br><br>                              Defendant. | Docket No. 1:20-cv-3927<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Fernando Ramales ("Ramales" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants JHud Productions, Inc. ("JHud") and Jennifer Hudson ("Hudson" and together with JHud "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of singer and actress Jennifer Hudson, owned and registered by Ramales, a New York based professional photographer. Accordingly, Ramales seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants resides and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ramales is a professional photographer in the business of licensing his photographs to print and online media for a fee having a usual place of business at 222 West 233rd Street, Apt 4i, Bronx, New York 10463.

6. Upon information and belief, Hudson resides at 1430 Broadway, 17th Floor, New York, New York 10018. At all times material hereto, Hudson has operated her Instagram page at the URL: www.Instagram.com/iamjhud (the "Website").

7. Upon information and belief, JHud is a business corporation duly organized with a place of business at 1430 Broadway, 17th Floor, New York, New York 10018. At all times material hereto, Hudson has operated an Instagram page at the URL: www.Instagram.com/iamjhud (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

8. Ramales photographed singer and actress Jennifer Hudson (the "Photograph"). A true and correct copy of the Photograph are attached hereto as Exhibit A.

9. Ramales then licensed the Photograph to the Daily Mail. On December 21, 2019 the Daily Mail ran an article that featured the Photograph titled *Jennifer Hudson puts on traffic-stopping display in fierce pink coat with thigh-high boots in New York City*. See URL: https://www.dailymail.co.uk/tvshowbiz/article-7817335/Jennifer-Hudson-puts-traffic-stopping-display-fierce-pink-coat.html. Ramales' name was featured in a watermark identifying him as the

photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

10. Ramales is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-201-508.

**B.   Defendant's Infringing Activities**

12. Defendants ran the Photograph on the Website to promote their brand. A screenshot of the Photograph on the Website is attached hereto as Exhibit B.

13. Defendants post with the Photograph received 31,692 Likes.

14. Defendants have 3 million Instagram followers.

15. Defendants did not license the Photograph from Plaintiff for its Website, nor did Defendants have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
**(17 U.S.C. §§ 106, 501)**

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

18. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

20. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

21. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

22. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. Upon information and belief, in its article on the Website, Defendants copied the Photograph from the Daily Mail which contained a watermark on the Photograph stating, "Fernando Ramales" and then Defendants cropped off the watermark.

25. Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

26. The conduct of Defendants violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

29. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendants pursuant to 17 U.S.C. § 1203(c);

5. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York

May 20, 2020

                                                             LIEBOWITZ LAW FIRM, PLLC

                                                             By: /s/Richard Liebowitz
                                                                  Richard P. Liebowitz
                                                          11 Sunrise Plaza, Suite 305
                                                          Valley Stream, NY 11580
                                                          Tel: (516) 233-1660
                                                          RL@LiebowitzLawFirm.com

                                                         *Attorneys for Plaintiff Fernando Ramales*